## REMBERT v. FENNER & BEANE.

### No. 16390.

Court of Appeal of Louisiana. Orleans.

June 14, 1937.

For former opinion, see 173 So. 551.

Frank Wm. Hart, Bolan Burke, and Michel Provosty, all of New Orleans, for appellant.

Henry & Kelleher, of New Orleans, for appellee.

McCALEB, Judge.

A rehearing was granted to the plaintiff in this matter because we entertained grave doubt with respect to the correctness of our ruling concerning the liability of the defendant for damages to plaintiff's reputation, loss of business, etc., which is alleged to have directly resulted to him by reason of defendant's breach of the contract.

A detailed statement of the facts of the case and the law applicable thereto will be found in our original opinion handed down on April 5, 1937, in the consolidated cases Nos. 16390 and 16604 of the docket (173 So. 551). There, we ruled that the contract between the parties was one of pledge and that the defendant breached the obligation by selling plaintiff's securities on the open market because the agreement did not accord it the right to pursue this course, except in case the funds of plaintiff held by it became insufficient to maintain defendant's marginal requirements. We further recognized that, under contracts of pledge, similar to the one involved in this controversy, the pledgee has the right to terminate the agreement at will, but his remedy, in case the pledgor fails to pay the indebtedness, is to obtain a judgment in the ordinary course of law, and have the pledged securities sold in satisfaction thereof in the manner pointed out

by article 3165 of the Civil Code, in the absence of an agreement to the contrary. Our first decree in this matter is final in this court with respect to our view that the defendant has breached the contract and that it is liable for plaintiff's damage. Therefore, the only question left for consideration is whether the plaintiff has stated a cause of actionable damage with regard to the $1,000 item claimed for injury to his reputation, loss of business, mental worry, annoyance, and inconvenience.

The basis of plaintiff's claim on this item is set forth in article 13 of the petition and reads as follows:

"(13) That petitioner is now, and was on the dates hereinabove mentioned, engaged in the business of selling securities in the City of New Orleans, through salesmen, who solicit orders under petitioner's direct supervision. That the unwarranted action of Fenner & Beane, in selling petitioner's securities, and closing out his brokerage account, as hereinabove set forth, was done in such a way as to forcibly bring to the attention of petitioner's office force and salesmen, that this had been done, without petitioner's consent, while he was out of the City, and had the effect of instilling into petitioner's salesmen the belief that his credit was impaired, resulting in practically a cessation of their selling activities for the first two weeks in July, which, except for the same "period in January, is the period when petitioner's salesmen have always made their largest sales. That, due to the necessity of having to adjust his private affairs, in order to take care of the situation brought about by the aforesaid unwarranted and unauthorized acts of Fenner & Beane, petitioner, during this period, was unable to give his undivided attention to his business, or to take the necessary steps to restore the confidence of his salesmen, or to undertake the direct supervision of their selling activities. That, as a direct result of the aforesaid acts of Fenner & Beane, petitioner has been damaged to the extent of One Thousand Dollars ($1,000.00), in reputation, loss of business, mental worry, annoyance and inconvenience, and he is entitled to judgment against said Fenner & Beane for that amount."

The defendant filed an exception of no cause of action, which was sustained by the district judge as to the foregoing item of damage. Defendant's argument, in support of the exception, is that, under article 1934 of the Code, the measure of damages, for breaches of obligations where the object of a contract is anything but the payment of money, is the amount of the loss sustained and, in the absence of a showing of fraud or bad faith on the part of the defendant, the plaintiff may recover only such damages as were contemplated or may reasonably be supposed to have entered into the contemplation of the parties at the time the contract was made. From this premise, it is asserted that there is no allegation contained in the petition that Fenner & Beane was in bad faith; that, as a matter of fact, it did only what it honestly conceived its right to be; that it could not contemplate that the plaintiff would lose business or have his reputation injured when the securities were sold in the usual course of business; and that, at all events, the allegations above set forth plainly exhibit that the knowledge of his employees, respecting the sale of the securities, could have been acquired only from the plaintiff himself.

Plaintiff's counsel counters with the postulation that the measure of damages allowed in cases such as this are not assessed exclusively by virtue of the provisions of article 1934 and that the damages claimed are recoverable in tort under article 2315 of the Code.

We do not find it necessary to resolve whether the cause of action for the damage claimed may be prosecuted under article 2315, because we are convinced that the allegations contained in plaintiff's petition are sufficient to sustain a cause of action under article 1934.

The petition discloses that both plaintiff and defendant are in the business of purchasing and selling securities. The plaintiff operates a local business, whereas the defendant is a nationally recognized concern conducting its business in various sections of the United States. The plaintiff was a customer of the defendant and, under the contract between the parties, the defendant did not have the right to close out the plaintiff's account except in case the margin posted by him was insufficient. The fact that the defendant sold the securities without previous instruction or order from the plaintiff would lead a reasonable man (with knowledge of the fact that it was done without plaintiff's instruction and without information concerning the adequacy of the margin posted with the defendant) to believe that the plaintiff could

not raise requisite funds to prevent the defendant from taking this drastic action. If it is a fact that the plaintiff's salesmen or other persons discovered that Fenner & Beane had closed plaintiff's account and they believed that the defendant took such action because of the inadequacy of margin, then plaintiff's business and reputation could have been damaged as a natural consequence of defendant's act. It is a matter of common knowledge that the business stability of a banker or broker is founded upon his good name and credit. If his credit is impaired, it is fair to presume that damage will result not only to his reputation, but that he will also sustain a loss of business because the confidence in him, reposed by the persons dealing with him, will have been shaken.

The question as to whether the plaintiff has suffered the damage he claims is one of fact, which can be decided only by the evidence adduced on the trial of the merits of the case. Likewise, the question as to whether the loss of business and damage to plaintiff's reputation was reasonably contemplated by the parties to the contract is also one of fact, inasmuch as plaintiff has alleged that the damage sustained was directly occasioned by the unwarranted action of the defendant in closing his account.

American Law Institute's Restatement of the Law of Contracts, § 330, provides:

"In awarding damages, compensation is given for only those injuries that the defendant had reason to foresee as a probable result of his breach when the contract was made. If the injury is one that follows the breach in the usual course of events, there is sufficient reason for the defendant to foresee it; *otherwise, it must be shown specifically that the defendant had reason to know the facts and to foresee the injury.*" (Italics ours.)

If we assume, in the case at bar, that the alleged injury to plaintiff did not follow the breach in the usual course of events, the question of fact still arises as to whether, under the particular facts which may be adduced at the trial, the defendant had reason to foresee that the breach would result in the alleged damage.

In the case of Garner v. Burnstein, 1 La. App. 19, we held that, under article 1934 of the Code, a milliner who failed to deliver a hat to a purchaser, and thereby caused her to appear at a dinner party with an inappropriate costume, could not be held liable in damages for the mental anguish of the purchaser, without proof that the milliner was informed of the importance of the hat as a part of a special costume to be worn to the dinner or some other fact sufficient to advise him of the consequence likely to follow his default. But in that matter we distinguished our finding from the case of Lewis v. Holmes, 109 La. 1030, 34 So. 66, 61 L.R.A. 274, where the defendant was held liable for damages caused to a bride by her disappointment in not having her trousseau properly made in time for the wedding or social functions incident thereto. In the Lewis Case, the fact that the defendant was making a bridal robe imparted a warning to it of the importance of having the robe fit properly in time for the wedding and the disappointment of the bride was a natural result of the breach of contract by the defendant.

In view of the foregoing authorities, it is necessary to investigate the facts of each particular case in order to determine whether the damages claimed by the plaintiff are such as could be reasonably anticipated by the parties at the time the agreement was made. The plaintiff here alleges that he suffered damage to his reputation and business by reason of the defendant's breach of contract. We have held that the defendant breached the contract, and therefore the question respecting the measure of plaintiff's damage can be determined only after an investigation of the facts. In our former opinion, we observed that we could not understand how plaintiff suffered damage to his reputation or his business, conceding the allegations of his pleading to be true, because it was demonstrated that no knowledge of the various transactions could have come to his employees except from himself. It may be that, when all of the facts concerning the breach are presented on a trial of the case, the result announced by us in our former decree will be correct. But we must now concede that we detect the error in our previous view which plainly had the effect of depriving the plaintiff of the right of presenting evidence in support of the allegations of his petition.

For the reasons assigned, it is ordered, adjudged, and decreed that the original judgment of this court sustaining the exception of no cause of action in the matter entitled Wm. S. Rembert v. Fenner & Beane, 173 So. 551, No. 16390 of the docket,

be annulled and set aside, and it is now ordered that the judgment appealed from be and it is reversed and the exception of no cause of action overruled.

It is further ordered that this cause be remanded to the civil district court for the parish of Orleans for further proceedings according to law and consistent with the views herein expressed. Defendant-appellee to pay the cost of this appeal.

Original decree annulled.

Judgment appealed from reversed and remanded.